United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41336
Summary Calendar
_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

     v.

TIBURCIO CORIA LOYA

                    Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:04-CR-160-2
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:*

     Tiburcio Coria Loya appeals the sentence imposed following his guilty-plea conviction for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). He argues that the district court clearly erred by applying a two-level enhancement for possession of a weapon under U.S.S.G. § 2D1.1(b)(1).

     After United States v. Booker, 543 U.S. 220 (2005), this court continues to review a district court's interpretation and application of the Sentencing Guidelines de novo and its factual

--------------------

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings for clear error.  See United States v. Villanueva, 408 F.3d 193, 202-03 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).  A defendant's base offense level is to be increased by two levels "[i]f a dangerous weapon (including a firearm) was possessed."  § 2D1.1(b)(1).  "The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  § 2D1.1, comment. (n.3).  The Government must establish by a preponderance of the evidence that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant.  United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993).

The district court's determination that it was not clearly improbable that the weapon seized from Carmelo Hernandez's vehicle was connected to Loya's offense of conviction was plausible in light of the record read as a whole.  The presentence report (PSR) established that Loya was a passenger in a car and that while he and Hernandez were riding in that car, Loya had methamphetamine on his person.  The PSR also stated that Hernandez and Loya admitted that the drugs in the car belonged to both of them and that they were trying to sell the drugs.  Hernandez testified at the sentencing hearing that he placed the firearm in the car while Loya was sitting right next to him.  Thus, the district court could infer that Loya knew the firearm was in the car.  Further, it is not clearly improbable that the weapon was used to protect the drug trafficking activities.  See

United States v. Westbrook, 119 F.3d 1176, 1193 (5th Cir. 1997);

United States v. Thomas, 120 F.3d 564, 574 (5th Cir. 1997).

Therefore, the Government established a sufficient temporal and spatial relation between the weapon, the drug trafficking activity, and Loya, and the district court did not clearly err when it increased his base offense level for possession of a dangerous weapon under § 2D1.1(b)(1).

AFFIRMED.